UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT MULLIGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:19-cv-01834-TWP- |
| ) | |
| INDIANA UNIVERSITY BOARD OF ) | |
| TRUSTEES, ) | |
| KATHRYN CRUZ-URIBE in her official and ) | |
| individual capacities, ) | |
| MICHELLE MALOTT in her official and ) | |
| individual capacities, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING *PRO SE* PLAINTIFF'S MOTION FOR RECONSIDERATION AND PETITION FOR PERMISSION TO APPEAL**

This matter is before the Court on *pro se* Plaintiff Robert Mulligan's ("Mr. Mulligan") Motion for Reconsideration of Final Verdict and Petition for Permission to Appeal ("Motion") (Dkt. 58). On March 31, 2021, the Court granted summary judgment in favor of Defendants Indiana University Board of Trustees, Kathryn Cruz-Uribe, and Michelle Malott (collectively, "Defendants") and entered final judgment (Dkt. 56). On June 25, 2024, Mr. Mulligan filed the instant Motion, asking the Court to reconsider the final judgment dismissing this action and for an extension of time to file a notice of appeal if the judgment is not set aside. For the reasons explained below, Mr. Mulligan's Motion is **denied.**

### I.  BACKGROUND

Mr. Mulligan initiated this action ("*Mulligan I*") on May 6, 2019, following a Title IX investigation and his removal as Dean of the School of Business and Economics ("SoBE") at Indiana University East. He asserted claims for violation of his Fourteenth Amendment due process rights pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 ("Section 1983"), and

breach of contract (Dkt. 1).  Mr. Mulligan was represented by counsel and in May and June 2020, the parties filed cross-motions for summary judgment.  The parties' cross-motions were fully briefed and on March 31, 2021, the Court granted summary judgment in favor of Defendants and dismissed this action (Dkt. 56).  The same day, the Court entered final judgment (the "Final Judgment") (Dkt. 57).  Mr. Mulligan did not appeal the summary judgment entry or Final Judgment in *Mulligan I*.

On January 16, 2024, Mr. Mulligan as a *pro se* litigant, filed a second lawsuit against the same Defendants in *Mulligan v. Indiana University Board of Trustees*, Case No. 1:24-cv-00096-TWP-MJD ("*Mulligan II*"), asserting additional claims related to the Title IX investigation and his removal as dean of IU SoBE.[1]  In *Mulligan II*, Mr. Mulligan alleged violations of the First, Fifth, and Fourteenth Amendments, Title IX, the Racketeer Influenced and Corrupt Organizations Act, and the False Claims Act.  The Defendants moved for judgment on the pleadings in *Mulligan II*, arguing that Mr. Mulligan's claims were barred by the doctrine of *res judicata*.[2]  The Court agreed with Defendants.  In its May 3, 2024 Order on Pending Motions and Directing Final Judgment, the Court explained that the claims in *Mulligan II* arise from the same operative facts as alleged in *Mulligan I* and could have been raised in *Mulligan I*, so those claims were barred by *res judicata*.[3] Mr. Mulligan "argue[d] that the dismissal of this action on the grounds of *res judicata* means he 'was not afforded adequate counsel'" in *Mulligan I,* so the Court should "withdraw, vacate, set aside, or suspend its final judgment" in *Mulligan I* and permit him "to appeal the earlier decision

---

[1] Complaint, *Mulligan II*, No. 24-cv-96 (Dkt. 1) (filed Jan. 16, 2024). In this Complaint, Defendant Kathryn Cruz-Uribe is sued in her married name, Kathryn Girten.

[2] Motion for Judgment on the Pleadings, *Mulligan II*, No. 24-cv-96 (Dkt. 10) (filed Mar. 27, 2024).

[3] Order on Pending Motions and Directing Final Judgment, *Mulligan II*, No. 24-cv-96 (Dkt. 18) (entered May 3, 2024).

at this time."[4] The Court, in *Mulligan II*, explained that it lacked authority to grant relief in *Mulligan I*:

> If Mulligan is asking the Court to set aside the final judgment in *Mulligan I* pursuant to Federal Rule of Civil Procedure 60(b), and extend his time to file a notice of appeal in *Mulligan I* pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A), he must file the appropriate motion(s) in *Mulligan I*, not in this case.

On May 3, 2024, the Court entered final judgment in favor of Defendants in *Mulligan II*.[5] Mr. Mulligan appealed the final judgment in *Mulligan II*, and that appeal is pending before the Seventh Circuit Court of Appeals.[6] On June 25, 2024, Mr. Mulligan filed the instant Motion to reconsider the Final Judgment in *Mulligan I* and extend his time to file a notice of appeal.

## II.    DISCUSSION

The Court will first address reconsideration of the final judgment in *Mulligan I* before discussing whether Mr. Mulligan may receive an extension of time to file a notice of appeal.

### A.    Mr. Mulligan's Motion to Reconsider

The purpose of a motion for reconsideration is to ask the Court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). Mr. Mulligan seeks reconsideration of the final judgment in *Mulligan I* pursuant to Federal Rule of Civil Procedure 60(b). Courts grant relief under Rule 60(b) only in exceptional circumstances. *See Trade Well Int'l v. United Central Bank*, 825 F.3d 854, 860 (7th Cir. 2016). The Rule provides that the district court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have

---

[4] *Id.*

[5] Final Judgment, *Mulligan I*, No. 24-cv-96 (Dkt. 19) (entered May 3, 2024).

[6] Notice of Appeal, *Mulligan I*, No. 24-cv-96 (Dkt. 20) (filed May 23, 2024).

3

been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) voidness of the judgment; (5) satisfaction of the judgment; (6) or any other reason that justifies relief. Fed. R. Civ. P. 60(b). In addition, "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

If the asserted ground for relief from the prior judgment does not fall within a specific category enumerated in Rule 60(b), relief may be available under the "catch-all" provision of Rule 60(b)(6), which permits reopening a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, relief under Rule 60(b)(6) requires a showing of "extraordinary circumstances justifying the reopening of a final judgment" and must be made within a "reasonable time." *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006). "What constitutes a 'reasonable time' ultimately depends on the facts of each case including the reason for the delay, the practical ability of the litigant to have learned about the grounds of the judgment earlier, and the degree of prejudice to the other parties." *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986).

In his Motion, Mr. Mulligan asserts that after *Mulligan I* was dismissed and the appeal deadline had expired,

> Evidence has subsequently emerged that Plaintiff was fired as retaliation for requesting due process in the illegally concealed Title IX proceeding and for seeking to end an illegal operation that awarded fraudulent IU degrees (Exhibit B). Plaintiff seeks the opportunity to present new evidence that Defendants' actions were retaliatory and aimed at preserving an illegal operation that defrauded thousands of students, their loan underwriters/administrators, and the federal government since 2010.

(Dkt. 58 at 2). He argues reconsideration is appropriate for three reasons: (1) the discovery of new evidence, (2) alleged fraud on the Court committed by the Defendants, and (3) inadequate

representation by his counsel, resulting in his decision not to appeal the Final Judgment earlier. *Id*. at 2–5.)

Defendants respond that Mr. Mulligan's request for reconsideration is time-barred under Rule 60(c)(1). (Dkt. 60 at 1.) Mr. Mulligan replies that his Rule 60(b) motion is timely because "[he] did not discover evidence that the Defendants continued their illegal operation awarding fraudulent degrees until approximately January 2023." (Dkt. 61 at 1.) He further states that "many of Defendants' specific acts of ongoing misconduct, illegal discrimination, and illegal retaliation" occurred or were discovered after March 31, 2022, and that the Defendants continue to withhold documents relating to the Title IX investigation in an effort to falsely maintain the validity of the Title IX proceedings. *Id.* at 2.

The Court agrees with Defendants that Mr. Mulligan's Rule 60(b) motion, filed more than three years after this case was dismissed, is not timely. Mr. Mulligan's allegations concerning new evidence and fraud are time-barred because they were brought outside of the one-year window under Rule 60(b)(2) and Rule 60(b)(3). *See* Fed. R. Civ. P. 60(c)(1). Final Judgment was entered on March 31, 2021. Mr. Mulligan therefore had until March 31, 2022, to bring 60(b) claims relating to newly discovered evidence, fraud, or misconduct. The Seventh Circuit has reiterated that this time limit is jurisdictional and cannot be extended. *Arrieta*, 461 F.3d at 864; *Wesco Prods. Co. v. Alloy Auto. Co.*, 880 F.2d 981, 983 (7th Cir. 1989); *Brandon v. Chi. Bd. of Educ.*, 143 F.3d 293, 295 (7th Cir. 1998).

As to Mr. Mulligan's claim of inadequate representation pursuant to Rule 60(b)(6), the Court finds no persuasive circumstance justifying Mr. Mulligan's prolonged delay in challenging the Final Judgment for this reason. Mr. Mulligan asserts that after *Mulligan I* was dismissed in 2021, he was informed by his counsel that they would not represent him in an appeal, which

"strongly influenced [his] decision not to appeal pro se at that time." (Dkt. 58 at 4, ¶ 3). Mr. Mulligan also asserts that he was incorrectly advised he could still pursue separate claims against the Defendants. *Id*. However, Mr. Mulligan has not explained why he waited until January 2024—nearly three years after the Final Judgment and one year after discovering new evidence—to file a second lawsuit. Though Rule 60(b)(6) does not provide a fixed time limit for moving for reconsideration, considering the facts and circumstances of this case, Mr. Mulligan did not file his Motion within a "reasonable time." The Seventh Circuit has stated that even the one-year cap is an "extreme outer limit," and has repeatedly cautioned that "even a motion filed within a year will be rejected as untimely if not made within a reasonable time." *Berwick Grain Co. v. Illinois Dep't of Agric.*, 189 F.3d 556, 560 (7th Cir. 1999) (citations omitted); *Kagan*, 795 F.2d at 610. The purported statements by Mr. Mulligan's counsel do not justify his very lengthy delay in moving for reconsideration.

The statements of counsel on which Mr. Mulligan relied were made <u>after</u> *Mulligan I* was dismissed and were not pertinent to the Court's Final Judgment or his representation during this case. Moreover, the Seventh Circuit has held that the reliance on potentially erroneous advice of counsel does not constitute an "extraordinary circumstance" on which judgment can be reconsidered. *Arrieta*, 461 F.3d at 864; *see also Longs v. City of S. Bend*, 201 F. App'x 361, 364 (7th Cir. 2006) ("Rule 60(b)(6) is unavailable when attorney negligence or other attorney misconduct is at issue.") (citing *Easley v. Kirmsee*, 382 F.3d 693, 699 n.5 (7th Cir. 2004)). It appears that the proper remedy would be a malpractice action against Mr. Mulligan's former counsel. *Id.* (citing *Tango Music, L.L.C. v. DeadQuick Music, Inc.*, 348 F.3d 244, 247 (7th Cir. 2003); *Pantoja v. Tex. Gas & Transmission Corp.*, 890 F.2d 955, 960 (7th Cir. 1989)). Because Mr. Mulligan's motion for reconsideration is untimely, it must be **denied.**

### B.     Mr. Mulligan's Request for Extension of Time to File an Appeal

Mr. Mulligan requests an extension of the deadline to file a notice of appeal "in the event the Court determines that it will not reconsider or set aside its decision." (Dkt. 58 at 1.) The Court construes this as a request for extension of time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A). As stated in Federal Rule of Appellate Procedure 3(a), an appeal of a district court's decision "may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Fed. R. App. P. 3(a)(1). Under Rule 4(a), "the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Mr. Mulligan was therefore required to file a notice of appeal by April 30, 2021—thirty days after the Final Judgment.

Mr. Mulligan filed the instant motion on June 25, 2024–more than three years after the deadline to file a notice of appeal. *See* Fed. R. App. P. 4(a)(5)(A). Under Federal Rule of Appellate Procedure 4(a), the Court may extend the time to file a notice of appeal if (i) "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires"; and (ii) "regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(i), (ii). The Court's decision to grant an extension is discretionary and involves the consideration of several factors, including the length of the delay, the reason for the delay, and prejudice to the non-moving party. *Garwood Packaging, Inc. v. Allen & Co., Inc.*, 378 F.3d 698, 700 (7th Cir. 2004); *McCarty v. Astrue*, 528 F.3d 541, 544 (7th Cir. 2008) (listing factors).

Mr. Mulligan has not shown excusable neglect or good cause for his delay. He asserts that "he relied on the advice of counsel in deciding not to appeal the Court's judgment in 2021." (Dkt. 58 at 4.) However, Mr. Mulligan does not assert that he was advised that he could not or should not file an appeal, or that he had more than thirty days to do so. Mr. Mulligan was only "advised

7

that [his counsel] would not represent [him] in an appeal." *Id.* It appears that Mr. Mulligan knowingly and voluntarily decided not to appeal the Final Judgment because he did not wish to proceed *pro se*. Further, as the Court explained above, even the incorrect advice of counsel regarding a second lawsuit does not explain why Mr. Mulligan waited three years after the Final Judgment in *Mulligan I*, and a year after discovering new evidence, to ask to appeal. Additionally, considering the length of time that has passed since the entry of Final Judgment, the risk of prejudice to Defendants is substantial.

      Mr. Mulligan's request for an extension of time to file a notice of appeal is also untimely even though he has moved for reconsideration of the Final Judgment. Generally, the filing of a motion for reconsideration tolls the time limit for filing an appeal until the motion is resolved. *Martinez v. City of Chicago*, 499 F.3d 721, 725 (7th Cir. 2007). However, the appeal deadline passed long before Mr. Mulligan filed his motion for reconsideration. Seventh Circuit precedent is clear that Rule 60(b) motions cannot be used to circumvent the time limit for filing appeals. *See Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 667 (7th Cir. 2014) (citing *Mendez v. Republic Bank*, 725 F.3d 651, 659 (7th Cir. 2013) ("If parties or courts could use Rule 60(b) to revive cases in which a party failed to appeal within the standard deadline, Appellate Rule 4 would lose much of its force."); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800 (7th Cir. 2000) (dismissing an appeal of a district court's denial of a Rule 60(b) motion where the motion "was nothing more than the first step in an attempt to take an untimely appeal")). In other words, a request for an extension of time to file an appeal is timely only if the motion for reconsideration is timely. *See Exch. Nat. Bank of Chicago v. Daniels*, 763 F.2d 286, 289 (7th Cir. 1985), *on reh'g in part*, 768 F.2d 140 (7th Cir. 1985). Because the deadlines for filing a notice of appeal and a motion for reconsideration

have long passed, an extension of time cannot be granted. Accordingly, Mr. Mulligan's request for an extension of time to file a notice of appeal is **denied.**

### III.   CONCLUSION

For the reasons explained in this Order, Mr. Mulligan's Motion for Reconsideration of Final Verdict and Petition for Permission to Appeal, Dkt. [58], is **DENIED.**

**SO ORDERED**.

Date:   8/8/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Robert Mulligan
173 Harvard Street
Westbury, New York 11590

Eric J. Hartz
HARTZ LAW OFFICE
eric@hartzlaw.com

Meghan Uzzi Lehner CLEVELAND
LEHNER CASSIDY
meghan@clcattorneys.com

Erica Marie Knear
TAFT STETTINIUS & HOLLISTER
eknear@taftlaw.com

James R.A. Dawson
TAFT STETTINIUS & HOLLISTER
jdawson@taftlaw.com

Joshua Ryan Spindler
INDIANA UNIVERSITY
joshspin@indiana.edu

Melissa A. Macchia
TAFT STETTINIUS & HOLLISTER
mmacchia@taftlaw.com

Michael C. Terrell
TAFT STETTINIUS & HOLLISTER
mterrell@taftlaw.com